Nizar Rahim MOMIN, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 05–60412.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided July 11, 2006.

Sarfraz Aftab Sharif, Sharif & Associates, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Norah Ascoli Schwarz, U.S. Department of Justice, Office of Immigration Litigation, John S. Hogan, U.S. Department of Justice Civil Division Immigration Litigation, Washington, DC, Kenneth L. Pasquarell, Acting District Director, U.S. Immigration & Naturalization Service District Directors Office, San Antonio, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Nizar Rahim Momin, a native and citizen of Pakistan, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his application for withholding of removal and relief under the Convention Against Torture (CAT). Momin argues that the BIA's decision was erroneous because he demonstrated that if he returns to Pakistan it is more likely than not that he will be persecuted based on his membership in a political party.

In support of his argument, Momin relies on his testimony concerning arrests and beatings from the police and from members of a rival political faction, the most serious of which occurred in 1998 when Momin claimed that he was arrested, hung upside down, and beaten. We conclude from a review of the record, however, that the BIA's determination is supported by substantial evidence, and the record does not compel a contrary conclusion. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir.2002); Chun v. INS, 40 F.3d 76, 78 (5th Cir.1994).

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.